UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR BRIDGES,

        Petitioner,               Case Number 09-11665-BC
                                                  Honorable Thomas L. Ludington
v.

BLAINE LAFLER,

        Respondent.
_____/

# OPINION AND ORDER GRANTING PETITIONER'S MOTION TO FILE SUPPLEMENTAL PLEADINGS, GRANTING PETITIONER'S MOTION TO WITHDRAW STAY REQUEST AND FOR LEAVE TO FILE SUPPLEMENTAL PLEADING, AND STAYING HABEAS CORPUS PROCEEDING AND ADMINISTRATIVELY CLOSING CASE

Michigan prisoner Arthur Bridges filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 1, 2009. Petitioner challenges his convictions for one count of conspiracy to deliver cocaine, Mich. Comp. Laws § 333.741(2)(a)(iv), and one count of possession with intent to deliver cocaine, Mich. Comp. Laws § 750.157a. After being convicted by a jury in Bay County Circuit Court, on December 11, 2006, Petitioner was sentenced to 76 months to 25 years of imprisonment for the conspiracy conviction and 114 months to 20 years of imprisonment for the possession conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising the following claims:

    I.      The trial court never arraigned Mr. Bridges. The court's alternative arraignment procedure is unconstitutional and therefore the court denied Mr. Bridges his right to due process of law. The court failed to comply with the terms of its own alternative arraignment procedure and thus denied Mr. Bridges his right to due process of law. Mr. Bridges is entitled to a reversal of the convictions and a new trial.

> II. The guilty verdict is against the great weight of the evidence. Mr. Bridges is entitled to a new trial.
>
> III. Ineffective assistance of trial counsel.
>
> IV. Insufficient evidence.

Petitioner's pro se supplemental brief was accepted for filing and presented the following additional claims:

> I. Counselor failed to investigate and present a valid issue of confrontation under *Crawford v. Washington*, depriving defendant-appellant of his right to effective assistance of trial counsel.
>
> II. Defendant-appellant must be re-sentenced where the statutory sentencing guidelines were mis-scored and imposed sentence is a departure from statutory requirements in violation of due process where inaccurate information was relied upon during sentencing and his trial counsel failed to object, constituting ineffective assistance of counsel.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Bridges*, No. 275300, 2008 WL 2697552 (Mich. Ct. App. July 10, 2008) (per curiam).

Petitioner filed a motion for reconsideration, raising the following claims:

> I. A manifest injustice occurred when this court failed to rule where *U.S. v. Cromer* held that *Crawford v. Washington* does not apply to the issuance of a search warrant.
>
> II. A manifest injustice occurred when this court failed to investigate and rule in plain error as set forth in *Carines*, *Kimble*, and *Franscisco, supra*, where OV-12, OV-13, OV-14, and OV-15 were mis-scored and defense counsel's failure to object during sentencing deprived defendant-appellant a right to be sentenced on accurate information.

The Michigan Court of Appeals denied reconsideration. *People v. Bridges*, No. 275300 (Mich. Ct. App. Aug. 21, 2008).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court,

raising the following claims:

> I. The trial court never arraigned Mr. Bridges. The court's alternative arraignment procedure is unconstitutional and therefore the court denied Mr. Bridges his right to due process of law. The court failed to comply with the terms of its own alternative arraignment procedure and thus denied Mr. Bridges his right to due process of law.
>
> II. The guilty verdict is against the great weight of the evidence.
>
> III. Trial counsel failed to provide effective assistance.
>
> IV. Defendant Bridges' conviction for delivery of controlled substance and conspiracy to commit same should be reversed because there was insufficient evidence that he possessed controlled substance.
>
> V. Counsel failed to investigate and present a valid issue of confrontation under *Crawford*.
>
> VI. Defendant-Appellant must be re-sentenced where the statutory sentencing guidelines were mis-scored and imposed sentence is a departure from statutory requirements in violation of due process where inaccurate information was relied upon during sentencing and his trial counsel's failure to object constitutes ineffective assistance of counsel.
>
> VII. A manifest injustice occurred when this court failed to rule where *U.S. v. Cromer* held that *Crawford v. Washington* does not apply to the issuance of a search warrant.
>
> VIII. A manifest injustice occurred when this court failed to investigate and rule in plain error as set forth in *Carines*, *Kimble*, and *Franscisco*, *supra*, where OV-12, OV-13, OV-14, and OV-15 were mis-scored and defense counsel's failure to object during sentencing deprived defendant-appellant a right to be sentenced on accurate information.

The Michigan Supreme Court denied leave to appeal. *People v. Bridges*, 762 N.W.2d (table) (Mich. 2009).

Now, in the habeas petition before this Court, Petitioner raises the following ten claims for relief:

> I. The trial court never arraigned Mr. Bridges. The court's alternative arraignment

3

procedure is unconstitutional and therefore the court denied Mr. Bridges his right to due process of law. The court failed to comply with the terms of its own alternative arraignment procedure and thus denied Mr. Bridges his right to due process of law.

II. The guilty verdict is against the great weight of the evidence.

III. Trial counsel failed to provide effective assistance for failing to ensure that Mr. Bridges was arraigned, that Mr. Bridges received a copy of the information, and that Mr. Bridges received a copy of the habitual information. Counsel failed to object to the alternative arraignment procedure, and failed to object to the trial court's failure to confirm receipt of the information on the record.

IV. Defendant Bridges' conviction for delivery of controlled substance and conspiracy to commit the same should be reversed because there was insufficient evidence that he possessed controlled substance.

V. Counselor failed to investigate and present a valid issue of confrontation under *Crawford v. Washington* and deprived defendant-appellant of his right to effective assistance of trial counsel.

VI. Defendant-Appellant must be re-sentenced where the statutory sentencing guidelines were mis-scored and imposed sentence is a departure from statutory requirements in violation of due process where inaccurate information was relied upon during sentencing and his trial counsel's failure to object constitutes ineffective assistance of counsel.

VII. A manifest injustice occurred when this court failed to rule where *U.S. v. Cromer* held that *Crawford v. Washington* does not apply to the issuance of a search warrant.

VIII. A manifest injustice occurred when this court failed to investigate and rule in plain error as set forth in *Carines, Kimble, and Franscisco, supra*, where OV-12, OV-13, OV-14, and OV-15 were mis-scored and defense counsel's failure to object during sentencing deprived defendant-appellant a right to be sentenced on accurate information.

IX. Even though the defendant was arraigned on the complaint in district court, and the substantive charges contained in the information were identical to those in the complaint, the fact that he was not arraigned on the information in circuit court requires that his conviction be reversed.

X. When the testimony against the defendant by his alleged codefendants is motivated by self-dealing, and no independent proof exists to implicate him in the offenses charged, the jury's guilty verdict must be set aside as against the great weight of evidence.

Respondent argues that the petition should be dismissed because several of Petitioner's claims are unexhausted. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To be properly exhausted, each claim must have been "fairly presented" to both the state court of appeals and the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). A prisoner " 'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Here, Petitioner's seventh and eighth claims were presented for the first time in Petitioner's motion for reconsideration of the Michigan Court of Appeals' denial of his application for leave to appeal. A claim has not been fairly presented when it is presented for the first time in a procedural context which makes consideration on its merits unlikely. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). *See also Black v. Ashley*, No. 94-00155, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) ("The fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely."). Petitioner's presentation of new issues in a motion for reconsideration before the Court of Appeals was

5

procedurally inappropriate, and highly unlikely to result in a review of his claim on the merits. *See People v. Smith*, No. 174367, 1997 WL 33343896, at * 2 (Mich. Ct. App. Oct. 31, 1997) (holding that a motion for rehearing or reconsideration ordinarily may not be used to raise new issues). Therefore, these claims are not properly exhausted. *See Paredes v. Johnson*, 230 F.3d 1359, 2000 WL 1206544, at *1-2 (6th Cir. Aug.18, 2000) (issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals are unexhausted for purposes of federal habeas review); *Boyd v. Rapelje*, No. 09-CV-10575, 2010 WL 374105, at *2 (E.D. Mich. Jan. 26, 2010) (same). Petitioner's tenth claim for habeas corpus relief also has not been exhausted because it has not been presented to both Michigan appellate courts.

Contrary to Respondent's assertion, Petitioner's third, fourth and ninth claims have been exhausted in state court. He presented these claims on direct review to the Michigan Court of Appeals and Michigan Supreme Court.

After Respondent filed its response to the habeas petition, Petitioner filed three motions. In the first, he requests permission to supplement his pleadings to include newly-discovered evidence related to his ineffective assistance of counsel claims. An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings. Under Rule 15, after an answer has been filed, a party may amend only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The rule provides that the court should "freely give leave when justice so requires." *Id.* Leave to amend in a habeas case should be granted in the absence of a good reason to the contrary, such as undue delay in filing, lack of notice to the opposing party, bad faith, or futility. *See Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

6

In this case, Petitioner states that he discovered new evidence related to his ineffective assistance of counsel claims in January 2010. He promptly sought to amend his petition. In addition, Respondent will not be prejudiced by permitting amendment. Therefore, Petitioner's motion will be granted.

In his second motion, Petitioner requests that these proceedings be held in abeyance so that he may return to state court to exhaust his unexhausted claims. In the third motion, he seeks to withdraw his stay request and to file a supplemental pleading further supporting his claims. Petitioner's motion to withdraw his motion to stay will be granted. However, withdrawal of that motion does not preclude issuance of a stay because the petition contains unexhausted claims.

If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). In this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 23, 2009. Petitioner's conviction became final ninety days later, on June 21, 2009, when the time during which Petitioner could have filed a petition for certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, June 22, 2009. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Petitioner filed the pending habeas petition on April 29, 2009. Thus, absent equitable tolling of the limitations period during the pendency of this petition, less than

two months remain of the limitations period. Therefore, outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner argues that his unexhausted claims were not presented in state court because they are newly discovered and his attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for not previously presenting these claims in state court. In addition, the claims are not "plainly meritless," and Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, further proceedings in this matter will be stayed pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

Accordingly, it is **ORDERED** that Petitioner's motion for leave to file supplemental pleadings [Dkt. # 13] is **GRANTED**. The petition is deemed to be effectively **AMENDED** to include the claims, identified as XI and XII, in Petitioner's motion.

It is further **ORDERED** that Petitioner's motion to withdraw stay request and for leave to

file supplemental pleading [Dkt. # 15] is **GRANTED**.

It is further **ORDERED** that Petitioner's motion to stay habeas corpus petition [Dkt. #14] is **WITHDRAWN**.

It is further **ORDERED** that the matter is **STAYED** pending exhaustion of state court remedies. Petitioner shall file a motion for relief from judgment with the state trial court on or before **September 15, 2010**, or the Court will dismiss the petition for writ of habeas corpus without prejudice. In addition, Petitioner shall file a motion to lift the stay and to file an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen the case for statistical purposes.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 19, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 19, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS