UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR BRIDGES, # 154318,

                            Petitioner,                         Case No. 09-cv-11665

v.                                             Honorable Thomas L. Ludington

BLAINE LAFLER,

                            Respondent.

_____/

**ORDER GRANTING RESPONDENT'S MOTION FOR LEAVE
TO FILE LATE RESPONSE AND DENYING PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL**

      Petitioner Arthur Bridges brings this case pursuant to 28 U.S.C. § 2254. He challenges his convictions for one count of conspiracy to deliver cocaine, Mich. Comp. Laws § 333.741(2)(a)(iv), and one count of possession with intent to deliver cocaine, Mich. Comp. Laws § 750.157a. Respondent has filed a Motion for Leave to File Late Response and Petitioner has filed a Motion for Appointment of Counsel.

      Petitioner filed this habeas corpus petition in 2009. The Court stayed the petition and administratively closed the case because the petition contained mixed claims, containing both exhausted and unexhausted claims. After Petitioner exhausted his state court remedies, he filed an amended petition and asked the Court to reopen the habeas proceeding. The Court granted the request and directed Respondent to file an answer to the amended petition by December 8, 2013. On June 30, 2014, Respondent filed a Motion for Leave to File a Late Response. Respondent acknowledges receipt of the order requiring an answer. Respondent attributes the failure to file a timely answer to a mistake made by counsel's clerical staff. Respondent represents that, when

the error was discovered, counsel worked diligently to obtain the necessary state court record, prepare the pending motion, and the simultaneously filed answer. Respondent argues that the late filing is the result of excusable neglect and should be accepted for filing.

Federal Rule of Civil Procedure 6(b)(1) provides that:

(1)     In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

. . .

(B)     on motion made after the time has expired if the party failed to act because of excusable neglect.

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under [Federal Rule of Civil Procedure] 6(b) is a somewhat 'elastic concept,' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 392 (1993). Excusable-neglect determinations rely on a balancing of these factors: (1) danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Investment Services Co.*, 507 U.S. at 395). In this case, these factors weigh in favor of allowing the late filing. In particular, Respondent's reasons for delay, while within the control of Respondent, do not demonstrate bad faith or intentional neglect. Further, although the delay is not an insignificant amount of time, Petitioner will not be prejudiced by allowing the late filing. The motion will be granted.

Also before the Court is Petitioner's Motion for Appointment of Counsel. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-*

*Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Here, the interests of justice do not require appointing counsel for Bridges.

Accordingly, it is **ORDERED** that Respondent Lafler's Motion for Leave to File a Late Response, ECF No. 29, is **GRANTED**.

It is further **ORDERED** that Respondent Lafler's response, ECF No. 30, is **ACCEPTED** as filed.

It is further **ORDERED** that Petitioner Bridges' Motion for Appointment of Counsel, ECF No. 33, is **DENIED**.

Dated: November 24, 2014                     s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Arthur Bridges #154318 at Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811 by first class U.S. mail on November 24, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---