UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR BRIDGES,

                 Petitioner,               Case No. 09-cv-11665

v.                                       Honorable Thomas L. Ludington

BLAINE LAFLER,

                 Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR
## APPELLATE NOTICE EXTENSION

On September 30, 2016, the Court issued an opinion and order denying Petitioner Arthur Bridges's petition for a writ of habeas corpus. ECF No. 38. The opinion and judgment was mailed to Bridges' last known location of incarceration, but was returned as undeliverable. ECF No. 40. On March 9, 2017, Bridges filed a motion requesting that the opinion and judgment be mailed to his new place of incarceration. ECF No. 42. That motion was granted on April 20, 2017. ECF No. 43. Now, Bridges has filed a "Motion For Appellate Notice Extension." ECF No. 44. Although the motion requests an extension of time, it is clear from the substance of the motion that Petitioner asks the Court to reopen the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a)(6). For the following reasons, the motion will be denied.

A notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). When an appellant fails to timely file a notice of appeal or to timely request an extension to appeal because the appellant did not receive notice of the judgment, Federal Rule of Civil Procedure 4(a)(6) provides a

mechanism for reopening the time to file a notice of appeal. Rule 4(a)(6) allows a district court to reopen the time to file an appeal for a period of fourteen days, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and

> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).

In his motion, Bridges contends that he did not receive notice of the judgment until March 20, 2017. But the docket indicates that Bridges's motion for a copy of the opinion and judgment was granted on April 20, 2017, not March 20, 2017. Thus, Petitioner presumably received notice of the judgment sometime after April 20, 2017.

Because Bridges did not receive service of the September 30, 2016 Opinion and Order until that date, he was clearly unable to file a notice of appeal within thirty days of the judgment. Even so, because not all of Rule 4(a)(6)'s time requirements are met, the time for filing a notice of appeal cannot be reopened. A motion to reopen must be filed within 180 days of the entry of judgment or 14 days after the appellant receives notice, *whichever is earlier*. In this case, the 180 days passed on approximately March 30, 2017. Bridges did not receive notice of the judgment until after April 20, 2017, and did not file the motion to reopen until May 5, 2017. A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub*, 27 F. App'x 337,

338 (6th Cir. 2001). Because Petitioner filed his motion more than 180 days after the entry of judgment on his habeas petition, this Court lacks the authority to extend the time for filing an appeal. *See Hall v. Scutt*, 482 F. App'x 990, 991 (6th Cir. 2012).

Accordingly, it is **ORDERED** that Petitioner's Motion for Appellate Notice Extension, ECF No. 44, is **DENIED.**

Dated: June 13, 2017                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 13, 2017.

                s/Kelly Winslow
                KELLY WINSLOW, Case Manager