# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

ARTHUR BRIDGES,

                Petitioner,                      Case Number: 1:09-cv-11665
                                                  Honorable Thomas L. Ludington

v.

BLAINE LAFLER,

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On September 30, 2016, the Court issued an opinion and order denying Bridges' petition for a writ of habeas corpus. ECF No. 38. Bridges claims that he did not receive notice of the judgment until sometime after April 20, 2017, well beyond the deadline for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1). On May 5, 2017, Bridges filed a motion to reopen the time for filing a notice of appeal. ECF No. 44. The Court denied the motion because it was not filed within the time constraints set forth in Federal Rule of Appellate Procedure 4(a)(6). ECF No. 45. Bridges now seeks reconsideration of that order on the ground that the Court should have provided equitable relief under Federal Rule of Civil Procedure 60(b)(6).

Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). Bridges argues that, while the Court was precluded from reopening the time for filing an appeal under Rule 4(a)(6), the Court should have provided

relief under Rule 60(b)(6). Rule 60(b)(6) permits a district court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief," other than the specific grounds listed in Rule 60(a)(1)-(5). *See* Fed.R.Civ.P. 60(b)(6).

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). But, the Sixth Court of Appeals has held that the time limits for filing a notice of appeal under Federal Rule of Civil Procedure 4(a) do not "deprive the district court of jurisdiction to vacate and reinstate" the denial of a habeas petition where equitable relief is appropriate under Rule 60(b). *Tanner v. Yukins*, 776 F.3d 434, 439 (6th Cir. 2015), rehearing en banc den. (Apr. 14, 2015). In *Tanner*, the Sixth Circuit found extraordinary circumstances warranted granting the petitioner relief under Rule 60(b)(6). Tanner, who was functionally illiterate, sought assistance from a prison writ-writer and prepared an appeal from the denial of her habeas petition. *Id.* at 436. She filed the appeal one day late because her prison unit was on lockdown and prison guards threatened her with solitary confinement if she left her cell to meet the filing deadline. *Id.* The district court failed to recognize that the notice of appeal was untimely, docketed the notice of appeal and granted a certificate of appealability. *Id.* at 436–37. Tanner did not learn her notice of appeal had been untimely until it was docketed with the Court of Appeals, two days beyond the time for filing a timely request for an extension of the 30-day period for filing a notice of appeal. *Id.* at 437. The Court of Appeals found the appeal untimely and dismissed the appeal for lack of jurisdiction. *Id.*

Tanner then filed a civil rights action under 42 U.S.C. § 1983, against the prison guards who prevented her from timely filing a notice of appeal during the lockdown. A jury found that the guards' actions unconstitutional. *Id.* Tanner then returned to district court and filed a motion

for relief from judgment under Rule 60(b)(6). She asked the district court to vacate and then reinstate its judgment dismissing her habeas petition because, she argued, "it would be a miscarriage of justice if the district court permitted the prison guards' conduct – verified as unconstitutional by the jury's verdict in her civil rights case – to cause her to lose her right to appeal." *Id.* The district court denied relief, finding that Rule 4's time restrictions are jurisdictional and granting relief would impermissibly circumvent the rule's jurisdictional limits. *Id.* at 437–38. The Sixth Circuit Court of Appeals reversed the district court's decision, holding that equitable relief was available under Rule 60(b) and that "[t]he extraordinary circumstances [warranting such relief] should have been obvious to the [district] court." *Id.* at 443. The Court of Appeals reasoned that to hold otherwise would, in effect, have been "to acquiesce in the unconstitutional conduct of prison guards" who delayed Tanner's ability to file an appeal. *Id.* at 439. The Court of Appeals further noted that Tanner demonstrated diligence at each step of her long path of litigation. *Id.* 443. Given the "rare" circumstances of Tanner's case, *id.* at 444, the Court of Appeals ordered the district court to vacate is judgment dismissing the petition and re-enter the judgment, starting anew Rule 4(a)(1)(A)'s thirty-day time limit.

The Court finds that Bridges' situation is distinguishable from *Tanner*. Bridges did not receive timely notice of the Court's decision because he failed to notify the Court of his transfer to another prison as required by Local Rule 11.2. *See* E.D. Mich. L.R. 11.2. Bridges was transferred to a new facility in May 2016, several months before issuance of the Court's opinion and order denying habeas corpus relief. Bridges waited until February 21, 2017 to file a formal notice of change of address. ECF No. 41. Moreover, in contrast to the petitioner in *Tanner*, Bridges has not achieved a favorable holding in a § 1983 case. In sum, Bridges fails to show that his circumstances

are sufficiently extraordinary and distinct from those of other prisoners to warrant relief under Rule 60(b).

Accordingly, it is **ORDERED** that Petitioner Bridges's motion for reconsideration, ECF No. 46, is **DENIED.**

Dated: January 25, 2018        s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 25, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager